UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alfonso G. Angel,  Case No.: 3:00CR727
 3:08CV2864

    Defendant/Petitioner,

v.  ORDER

United States of America,

    Plaintiff/Respondent.

This is a § 2255 action by a defendant convicted following trial before jury of engaging with others in a federal drug conspiracy. Prior to trial, the government filed an information under 21 U.S.C. § 851(a)(1) notifying the defendant of its intent to seek an enhanced statutory sentence based on an October, 1992, felony conviction of aggravated drug trafficking in the Lucas County, Ohio, Court of Common Pleas.

The defendant seeks to vacate, set aside, or correct his sentence, contending: 1) I failed to inquire of him whether he affirmed or denied the conviction; and 2) he received ineffective assistance of counsel because his attorney failed to challenge that conviction's validity.

For the reasons that follow, I conclude that there is no merit to the petition.

Following his conviction, the defendant received the minimum sentence under the Federal

Sentencing Guidelines – 360 months. The defendant and government appealed; the government's appeal was based on my post-trial finding that the defendant had accepted responsibility. The court of appeals agreed with the government, and remanded for re-sentencing. *U.S. v. Angel*, 355 F.3d 462, 476-79 (6th Cir. 2004). At re-sentencing, the Guidelines, in light of the appellate court's rejection of my finding of acceptance of responsibility, mandated a life sentence. Pursuant to *U..S. v. Koch*, 193 Fed.Appx. 391 (6th Cir. 2004 )(en banc), I indicated that, had I discretion to do so, I would impose an alternative sentence of 240 months of imprisonment, the statutory mandatory minimum sentence applicable to Angel's offense.

Following the Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), the Sixth Circuit vacated Angel's amended sentence and again remanded for re-sentencing. *U.S. v. Angel*, No. 05-3011 (6th Cir. Nov. 3, 2005) (unpublished). On remand, I imposed a 300 month sentence. The Sixth Circuit affirmed. *U.S. v. Angel*, No. 06-3232 (6th Cir. Sept. 20, 2007) (unpublished).

Now pending is defendant's § 2255 petition.

## 1. Failure to Inquire re. Former Conviction

Under 21 U.S.C. § 851(a)(1), a defendant cannot be

> sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The statute further provides that the defendant must file a written response if he "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid." 21 U.S.C. § 851(c)(1). Finally, the statute imposes a duty of inquiry upon the district court:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has

been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).

However, 21 U.S.C. § 851(e) provides that such judicial inquiry need not be made with regard to convictions occurring more than five years before the date the government filed the enhancement information: "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

The defendant's prior enhancing conviction occurred on October 21, 1992. The government filed its enhancement notice in this case on January 21, 2001 – more than five years after the enhancing conviction.

There was, therefore, no duty of inquiry regarding that conviction. There is no merit to defendant's contention that I erred in not conducting such inquiry.

There being no error in the failure to inquire, there could have been nothing ineffective in the failure of defendant's counsel to ask for such inquiry or otherwise to challenge the defendant's enhancing conviction. Any such inquiry or challenge would have been futile. There is nothing ineffective in declining to engage in a futile act on behalf of one's client.

In lieu of a reply brief, the defendant has filed a motion for a certificate of appealability. An appeal by him would be every bit as futile as a demand by his attorney at sentencing that I inquire into the validity of the enhancing conviction. Defendant's request for such certificate shall be denied.

## Conclusion

In light of the foregoing, it is

ORDERED THAT:

1. Defendant's petition for relief under 28 U.S.C. § 2255 be and the same hereby is denied; and

2. Defendant's motion for a certificate of appealability be and the same hereby is denied.

The Court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge