IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:00CR727

    Plaintiff,

    v.                                                                **ORDER**

Alfonso Angel,

    Defendant.

Pending is a motion by defendant Alfonso Angel, presently incarcerated following his conviction on drug charges, for reduction of sentence under 18 U.S.C. § 3582(c)(2). (Doc. 719).

For the reasons that follow, I deny the motion.

As the government argues, defendant is ineligible for a sentence reduction under § 3582(c)(2), Sentencing Guideline § 1B1.10, and Amendment 782 because the Amendment does not have the effect of lowering his guideline range.

The grand jury indicted defendant on multiple drug counts, including conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 851.

After the jury found defendant guilty, the Presentence Investigation Report determined defendant's offense conduct involved over 150 kilograms of cocaine and at least 30,000 kilograms of marijuana, resulting in a base offense level of 38. He received enhancements for his role in the offense and obstruction of justice. His total offense level was 44. Combined with a Criminal History

Category of III, his guideline range was was life imprisonment. Based on a post-trial finding of acceptance of responsibility, which reduced his base offense level to 29, I imposed a sentence of 360 months.

The government successfully appealed the sentence, and on remand I imposed a life sentence per the Guidelines. Then, after the *Booker* decision, the Sixth Circuit vacated the life term sentence. On further resentencing, I imposed a term of 300 months.

To obtain the reduction he seeks, defendant must, in the first instance, have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In addition, the law permits a reduction at defendant's request only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Dillon v. U.S.*, 560 U.S. 817, 821 (2010).

Defendant's Guidelines range has not changed. Defendant's offense conduct involved 30,000 kilograms or more of marijuana and more than 150 kilograms of cocaine, which continues to result in a base offense level of 38 before the enhancements. Accordingly, defendant's base offense level has not changed because of a change in the law. *See U.S. v. Irons*, 712 F.3d 1185 (7th Cir. 2013).

There is no basis on which I can grant the defendant's motion for sentence reduction.

It is, accordingly,

ORDERED THAT defendant's motion for reduction of sentence be (Doc. 719), and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge