**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| United States of America, | Case No. 3:00CR727 |
| Plaintiff, | |
| v. | **ORDER** |
| Alfonso G. Angel, | |
| Defendant, | |

This is a criminal case in which the defendant seeks reconsideration (Doc. 730) of my decision denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. 724). The Sixth Circuit affirmed that result, but on different grounds. *U.S. v. Angel*, No. 15-3185 (6th Cir. October 7, 2015). The court held that I lacked authority to grant the motion to reduce because I had given the defendant a below guideline range on grounds other than substantial assistance. The court looked to Guideline § 1B1.10(b)(2), which states that a court may not reduce a defendant's sentence to a term that is below the amended guideline range, unless the defendant's original sentence was based on a downward departure for substantial assistance. *Id*. at 4.

Here, even giving the defendant the benefit of § 3582(c)(2), his sentence would not be lower than the 300 month term I imposed (*via* a downward variance from the minimum guideline sentence of 360 months). That variance did not result from the defendant's substantial assistance.

The defendant asserts I must consider the 18 U.S.C. § 3553(a) factors before denying his motion (and, not having done so when I denied the motion, I must reconsider that denial). This I cannot do, as I still lack authority to give the defendant the benefit of § 3582(c)(2).

I remember the defendant and his case well. The government sought vigorously to encourage him to accept a plea that would have avoided the then mandatory life term. He refused and stood trial; even after he did so, I found he accepted responsibility during an in-chambers session just before sentencing. The government appealed and the Circuit reversed. *U.S. v. Angel*, 355 F.3d 462 (6th Cir. 2004).

In the meantime, the Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), had given me discretion to vary from guideline ranges. That enabled me on remand and resentencing from the government's successful appeal of my 360 month term (based on an improper finding of acceptance of responsibility), to grant a variance below the guideline range. I did so, varying downward to the defendant's current sentence of 300 months.

Having done so, I have no authority to reduce the defendant's sentence further.

It is, accordingly,

ORDERED THAT the defendant's motion for reconsideration (Doc. 730) be, and the same hereby is, denied.

An appeal from this order would be frivolous and shall not be allowed without payment of the requisite filing fee.

So ordered.

/s/ James G. Car
Sr. U.S. District Judge