IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:00-cr-00727-JGC-1 |
| Plaintiff, | |
| v. | **ORDER** |
| Alfonso Angel, | |
| Defendant. | |

Defendant Alfonso Angel has filed a pro se letter requesting early termination of his ten-year term of supervised release. (Doc. 744). Mr. Angel began serving that term on September 29, 2020. The government opposes the motion. (Doc. 745).

The government argues that Mr. Angel, while largely compliant with the terms and conditions of supervised release, has done nothing extraordinary to merit granting his motion. (*Id.* at PgID. 298).

After Mr. Angel was convicted of trafficking in marijuana and cocaine, I sentenced him, as was then mandatory under the Federal Sentencing Guidelines, to 360 months' custody. That determination resulted in part from Mr. Angel's acceptance of responsibility during my presentencing conference with him, counsel, and the Probation Officer.

Not surprisingly (indeed, understandably), the Sixth Circuit reversed my finding of Mr. Angel's post-trial acceptance of responsibility. *United States v. Angel*, 355 F.3d 462, 476–79 (6th Cir. 2004). Mr. Angel therefore returned before me for resentencing.

In the meantime, the Supreme Court decided the companion cases *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220 (2005). Justice Breyer, one of the prime

1

progenitors of the Sentencing Guidelines as initially issued,[1] held that the provisions of the Sentencing Reform Act of 1984 making the Guidelines' sentencing ranges mandatory were unconstitutional. *Booker*, 543 U.S. at 245.

So, when Mr. Angel returned for resentencing, I had the discretion to apply a sentence, as the Sentencing Reform Act mandated, that was "sufficient, but not greater than necessary," to accomplish the purposes set forth in that statute. 18 U.S.C. § 3553(a).

Applying the § 3553(a) factors, I imposed a sentence of 300 months' custody, to be followed by a ten-year term of supervised release.[2]

The government does not contest the fact that Mr. Angel's conduct on supervised release has been almost exemplary. To be sure, he stumbled once, having tested positive for cocaine. But he did not dispute that test and has since remained fully compliant with the conditions of his supervised release.

As the government and I both know, however, we often see so many defendants who are unable to do as well, in both relative and absolute terms, as Mr. Angel has.

What matters most to me and, I trust, the public is a § 3553(a) factor that the government omitted mentioning in its opposition—namely, the need "to protect the public from further crimes of the defendant." § 3553(a)(2)(C).

---

[1] Justice Breyer served as a member of the original Sentencing Commission and, after the Guidelines became effective on November 1, 1987, was the Commission's first Chairman. *See Former Commissioner Information*, U.S. Sent'g Comm'n, https://www.ussc.gov/about/who-we-are/commissioners/former-commissioner-information (last visited Dec. 19, 2024).

[2] The percipient reader will note the irony of the fact that, though the government won its appeal, I was able, thanks to Justice Breyer's opinion in *Booker*, to give Mr. Angel, after the dust had settled, a final sentence that was five years less than the one that the government, pre-*Booker*, had successfully challenged.

In other words, most importantly at this stage I must assess whether the defendant *in any way whatsoever* may potentially endanger the public. A defendant who has just one, unrepeated violation is someone whose commitment to complying absolutely with the law I can trust.

In making this assessment, I do not overlook the fact that at one point, Mr. Angel faced spending the rest of his life in prison. To his benefit, that did not occur. But nonetheless, Mr. Angel's ultimate period of incarceration spanned a substantial portion of his adult life.

Given Mr. Angel's experience and the draconian (albeit, in the end, reduced) sentence he served, I truly believe that he is fully committed to living within the bounds of the law. And, most importantly (as he notes in his pro se letter), he is committed to being with his children and grandchildren.

For these reasons, I reject completely the government's contention that I should ignore what Mr. Angel has experienced, accomplished, and now desires. I simply see no point in granting the government's request.

I also bear in mind, as I do every time a request for early termination comes before me, the never-sufficient human and other resources available to our Probation Office. That Office could better apply those resources to those who actually need its services. Where the Probation Officer, as here, endorses a defendant's request for early termination, I believe the burden should be upon the government to show substantial and just cause for denying such termination. The government failed to meet that burden.

Accordingly, it is hereby ORDERED THAT, along with best wishes for his continued success in life, the defendant's pro se application for early termination of supervised release be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr

Sr. U.S. District Judge